3pw533
197  558

## HOLLIDAY *against* SUMMERVILLE.

In an action on the case against a devisee, to recover a legacy charged on land, in
which the issue is upon the plea of payment, it would be error to reject the evi-
dence of the devise, because the action could not be maintained, for want of
proper parties.

'My son *William* shall have the tract of land he now lives on, provided he pays to
my other three children £300,' &c. is not such a devise as creates a conditional
estate in *William;* but the land is thereby made the fund for the payment of the
legacy, and the personal estate is exempted.

An action cannot be maintained by the legatee against the devisee of the land alone,
to recover his legacy; the executor must be joined.

ERROR to the Common Pleas of *Huntingdon* County.

In this action on the case, in the court below, *James Summer-
ville* and *Ruth* his wife, were plaintiffs, and *William Holliday*,
executor of *William Holliday* deceased, was defendant.    The
plaintiff sought to recover a legacy, created by the following clause
in the will of *William Holliday*, Sr. deceased:  "It is my will,
that my son *William* shall have the tract of land he now lives on,
provided he pays to my other three children, viz: *John, Ruth* and
*Mary,* three hundred pounds, to be paid in the following manner,
&c."  The defendant was the executor of the devisee.  The plain-
tiff having offered in evidence the will, it was objected to, on the
general ground, that the action could not be maintained against the
devisee, the court over-ruled the objection, and sealed a bill of ex-
ceptions.  A verdict and judgment were rendered for the plain-
tiffs, to reverse which this writ of error was sued out.

*Bell* and *Potter,* for plaintiff in error, whom the court declined
to hear.

*Miles* and *Blanchard,* for defendant in error.

The opinion of the court was delivered by

3pw    533
36 SC  270

ROGERS, J.—The will was in support of the declaration on which
the defendant had taken issue, and ought, for that reason, to have
been submitted to the jury.  *Houston* v. *Moor*, 3 *Serg. & Rawle,*
169, and in a case at *Philadelphia,* not yet reported.

*William Holliday* made his last will and testament, and
among other things, devised as follows:  "It is my will that my
son *William* shall have the tract of land he now lives on, pro-
vided he pays to my other three children, viz: *John, Ruth* and
*Mary,* three hundred pounds, to be paid in the following manner,
one hundred pounds to be paid one year after my decease, and two
hundred pounds to be paid one year after, deducting the sum of
twenty four pound five shillings, which sum I owe to him, out of

(Holliday *v.* Summerville.)

said three hundred pounds.    The suit is brought by *James Summerville* who intermarried with *Ruth,* and his wife, against the devisee.    The defendant objects that the executors should be joined in the suit; and ever since the case of *Brown* v. *Furer,* this point must be considered as settled, although before that decision there was doubt as to the proper parties to the suit.    I look upon this as such a charge, as to make the land the fund primarily liable for the payment of the legacy; and as also exempting the personal estate from the payment; it is not, as has been contended, in the nature of a conditional estate.    It is, then, impossible to distinguish this, from the case of *Brown* v. *Furer,* 4 *Serg. & Rawle,* 217 and *Gause* v. *Wiley,* 4. *Serg. & Rawle,* 509.    In order to do complete justice, as is said in one of the cases, it would seem right that the *terre tenant* should be called on; because they have an immediate interest in the land.    There is great reason, also, for including the executor in the action, because by our law, all the lands are liable to the payment of the testator's debts, and may be taken in execution on a judgment against the executor.    It is proper, therefore, to afford the executor an opportunity of shewing, that the land is not more than sufficient to discharge the debts; in which case, the legacy must fall.    The practice has been, in conformity to the course recommended by the Chief Justice, and it would, no doubt, have been so here; had the suit been brought since that decision.    The devisee may well object to pay the legacy, until assured of his title, which can only be, after payment of the debts of the testator.    Of the situation of the estate, the executor is alone informed.    Besides, if it is necessary to sell the land for the payment of the legacy, it goes into the hands of the purchaser, discharged from the debts of the testator.    This would be no inconsiderable advantage, in case of a judicial sale.    In every view we can take of the case, we see no reason for relaxing the rule, in *Brown* v. *Furer,* or making any change in the practice, which has obtained since that decision.    It is unnecessary to say, whether a case may not arise, where the devisee would be personally liable, and not in respect of the fund; but as this is not a case of the kind, we are of the opinion, the judgment should be reversed.

Judgment reversed.