## J. Livingston *against* the Executors of W. Livingston, deceased.

THIS was an action of *assumpsit*. The first count in the declaration stated, that *Robert Livingston*, deceased, late proprietor of the manor of *Livingston*, died seised of a large real and personal estate, and being so seised, in his life-time, did, on the 31st of *May*, 1784, *by will*, devise largely to his five sons, of whom *John* and *Walter* were two, and reciting, that as he had advanced to his son *Walter* 4,000 pounds more than to his other three sons, he did order, that the two devises to him were upon the further consideration, that he, his heirs, executors and administrators, pay to his three sons named, 3,000 pounds, &c. within two years, &c. That he died on the 28th of *November*, 1790; that *Walter Li-*

Where land is devised, subject to the payment of a specific sum of money, as a legacy, no action will lie against the personal representatives of the devisee; but it must be brought against the heirs and tertenants. Where there were several counts in a declaration, and after interlocutory judgment, damages were separately assessed upon each, and judgment was arrested on the first count, no objection being made to the others, the plaintiff was allowed to enter a *nolle prosequi* on the first count, and take judgment on the others.

vingston assented to the devises, and entered and became seised of an equal fourth part of the lands devised to the four sons, *John, Robert, Walter* and *Henry,* subject to the payment of his proportion of the quit-rents, and sub-ject to the payment of an annuity mentioned to *Gertruyd Livingston,* and *subject to the payment of 3,000 pounds mentioned, to Robert, John and Henry, each one-third thereof, within two years after the testator's death ;* by reason whereof, the said *Walter* became liable to pay to the plaintiff, within two years, &c. 1,000 pounds ; and being so liable, he, in consideration thereof, assumed, &c.

There were other counts, for *work* and *labour* and *ser-vices,* and a *quantum meruit* thereon ; for goods sold and delivered, and a *quantum valebant,* and for money lent, money paid, laid out and expended; and money had and received to the use of the plaintiff.

An interlocutory judgment, for want of a plea, was entered, and damages assessed separately on each count. A motion was made by the defendant, in arrest of judg-ment, for the following reasons :

1. Because, by reason of the matters in the first count, the said *Walter Livingston,* in his life-time, was not liable to be sued at law, he being only a trustee for the sum so bequeathed, and the plaintiff's remedy being in equity.

2. Because, the plaintiff does not aver that the defen-dants are the *tertenants* of the lands so devised and de-scribed, &c.

3. Because, the plaintiff does not aver that the defen-dants, as executors, had assets sufficient, &c.

4. Because, the defendants, as executors, cannot be sued at law for the matters contained in the first count.

*Henry,* for the defendants. This is an action for a legacy. No action at common law will lie against exe-cutors or administrators for a legacy, except upon an express promise to pay.\* The statute has provided, that an action may be brought after a demand and offer of sureties, to be approved of by the court.† The action

\* 1 *Sid.* 45.
*Cowp.* 284. 1
*H. Black.* 109.
5 *Term,* 690.
*Peake's N. P.*
73.
† *Rev. Laws,*
vol. 1. p. 540.

ought to have been brought against the devisees or ter-tenants, they being in possession of the fund out of which it was to be paid.

*E. Williams*, contra. By taking the property out of which the money was to be paid to the plaintiff, there is a consideration and an implied promise to pay the money as directed by the will. It is not precisely the case of a legacy, payable out of a personal fund. This sum of money became a debt, due by *Walter Livingston* to the plaintiff, and being a debt or personal duty, it devolved on his representatives, who ought to pay it; and there is an averment in the declaration that there were assets more than enough to pay all debts. The payment of the money is not expressly charged on the land; but the land is devised to *Walter Livingston*, in consideration of which he is ordered to pay so much money to the plaintiff. The statute certainly meant to provide for the payment of legacies by executors and administrators, by giving an action against them in any court of record. If, however, the court should think that the judgment on the first count must be arrested, still there are other counts, and the damages having been separately assessed, the plaintiff ought to be allowed to enter a *nolle prosequi* on the first count, and take judgment on the others.

*Henry*, in reply. This is a bequest of money charged on land, and if it is not a legacy, it is a non-descript. By entering on the land, *Walter Livingston* became liable only as devisee. No personal duty was created, nor did any devolve on his personal representatives. The land remains charged with the payment of the money, and the action ought to be brought against the heirs and tertenants of *Walter Livingston*. It is in the nature of a trust, and is properly cognizable in the court of chancery. That court can impose terms agreeable to equity and justice. As suppose a legacy to a wife, the husband might be compelled to make provision for her, whereas in a court of law,

NEW-YORK,
May, 1808.

Livingston
v.
Executors of
Livingston.

he would get the money into his own hands, without any controul. There is, therefore, very strong reasons why an action should not be maintained in a court of law, for a legacy.

KENT, Ch. J. delivered the opinion of the court. The 3,000 pounds directed to be paid by *Walter Livingston* to his brothers, was a charge upon the real estate. The two devises to him were in consideration that he paid that sum. The legatees were, perhaps, entitled to have sued him at law as a tertenant, according to a decision of the court of errors in 1790. He was chargeable only as devisee or tertenant. It was not a personal duty, and of course, none descended to his personal representatives. His heirs are the only persons chargeable at law, as tertenants or owners of the land. There is no ground whatever to raise an implied *assumpsit* from the devise itself. The first count in the declaration is, therefore, erroneous.

But as there are other counts in the declaration, to which no objection is made, and as the damages were assessed separately on each count, the plaintiff has leave, according to his suggestion, to enter a *nolle prosequi* on the first count, and take judgment on the others.

VAN NESS, J. having been formerly concerned as counsel in the cause, gave no opinion.

Judgment for the plaintiff.