The opinion of the Court was delivered by
Tilghman C. J.
Daniel Brown deceased, devised a tract of land of which he died seised, to his son John Brown, one of the defendants in fee, charged with a legacy of 100/. bequeathed by the testator to his wife Agnes, who died without having received the said legacy, having made her last will and testament, and constituted Agnes Purer, the plaintiff, the *216 executrix thereof. John Brown, after the death of his father Daniel, entered into the land devised to him, and conveyed the same to Peter Ebersole deceased. Peter Ebersole died sejse(j Gf the saj¿ leaving Elizabeth Ebersole, (married to Michael CasseL one of the defendants.) John Ebersole, ' '* Christina Ebersole, (married to John Smith, another of the defendants,) Barbara Ebersole, and Catherine Ebersole, his children and heirs, and Barbara Ebersole his widow, all of whom, after the death of the said Peter Ebersole, entered into the said tract of land, and became seised thereof. This action was brought, for the recovery of the said legacy of 100/. by Agnes Purer, the executrix and residuary legatee of Agnes Brown, against John Brown the devisee of the said land, and the widow and children of Peter Ebersole, who purchased it of the said John Brown, in the Court of Common Pleas of Dauphin county, and judgment was rendered for the plaintiff against all the defendants jointly. This judgment may be executed not only on the land charged with the legacy, but operates equally and personally on all the defendants. Their property of every kind, may be levied on; their bodies may be imprisoned. It violates the principles of law and equity. Neither John Brown the devisee, nor any of the other defendants ever made a promise to pay the legacy. There is no reason, therefore, why they should be personally liable to the payment. The land is the fund to be looked to, in whatever hands it may be. A legacy charged on land, is a good consideration to support an assumption to pay it, by the devisee, or terre-tenant. But, where there is no express assumption, there is no personal obligation to pay. This distinction was taken by the Supreme Court of New York, in the cases of Livingston v. Livingston's exr's. 3 Johns. 189, and Beecker v. Beecker, 7 Johns. 99. But suppose there is no assumption, how is the legatee to recover ? In those states which have courts of chancery, there is no difficulty. On a bill filed by the legatee, there will be a decree for the sale of the land. But we have no court of chancery. It is necessary, therefore, that remedy should be had in the courts of common law. There was a period, when in England, legacies were recovered in the common law courts. During the time of the Commonwealth, the ecclesiastical courts were abolished, and chancery had not then taken jurisdiction in cases of legacy. I believe, Lord, Nottingham *217 Was the first chancellor, who assumed that jurisdiction. To prevent a failure of justice, therefore, the common law courts permitted suits for the recovery of legacies. This appears in the case of Nicholson v. Shirman, 1 Sid. 45, and T. Ray. 23. Lord Holt, indeed, is reported to have said, in the case of Ewer v. Jones, 2 Ld. Raym. 937, that a legatee might maintain an action of debt against the terre-tenant, for a legacy charged on land. But we have no record of any judgment at common law for a. legacy, since the time of the Commonwealth. It sufficiently appears, however, that the English courts of • common law, have, in cases of necessity, taken jurisdiction in matters of legacy. And upon the same principle, our Courts ought to assume the same jurisdiction. Where there is a right, we must not suffer it to be said, that there is no remedy. Now the remedy, where there is no express promise to pay, should be against the fund which the testator has designated; this is agreeable to reason and justice. The only question then is, against whom shall the action be brought. This case does not fall within the provisions of our act for the recovery of legacies. In order to do complete justice, it would seem right, that the terre-tenants should be called on, because they have the immediate interest in the land. There is great reason also, for including the executor, in the action, because, by our law, all the lands are liable to the payment of the testator’s debts, and may be taken in execution on a judgment against the executor. It is proper, therefore, to afford the executor an opportunity of shewing, that the land is not more than sufficient to discharge the debts, in which case the legacy must fall. One of the plaintiff’s counsel cited a precedent, from a manuscript book of entries of the late Judge Yeates, of a declaration in' debt, for the recovery of a legacy charged on land, against the executors and terre-tenants, in the case of Patton v. M'Cawley's exr's. in the year 1782, in Lancaster county. This declaration appears to have been drawn by Mr. Edward Burd, the late prothonotary of this Court, who, I know, had access to the book of precedents of the late C. J. Shippen. Mr. Ship-pen had been long prothonotary of this Court; and had copied the precedents in the book of his father-in-law, Tench Francis, who, about the middle of the last century, was the attorney-general of Pennsylvania; so that we have great reason to suppose, this form of action may have been devised *218 in early times. I know of no other form, better calculated to do justice, always remembering, that judgment is to be entered, so as to charge the land, and not the persons, of the jefencjantSt Without absolutely committing myself, therefore, on the opinion now thrown out, as to the form of action, j say5 that according to my present ideas, the proper parties to be made defendants, are, the executor and terretenants. But I am clearly opinion, that judgment rendered in this action was erroneous, and should be reversed.
Judgment reversed.