The Chief Justice delivered the opinion of the court.
Abner Woodward, by his will dated 22d April, 1825, and proved 13th November, 1825, devised a plantation to his *147 son, Apollo Woodward, in feo simple; and bequeathed to bis son Horace N. Woodward, the sum of four thousand dollars, which ho ordered his son Apollo to pay, and directed that the plantation above mentioned should be bound for the ■ payment of the legacy by his son Apollo.
After the decease of the testator, the executors sued out a writ of attachment against Horace N. Woodward, for a debt due to the deceased in his life time; which writ was returned to the term of February, 1826, by the sheriff, that he had attached the above mentioned legacy in the hands of Apollo Woodward.
The counsel of Horace N. Woodward, the defendant in attachment, moves to quash the return, and insists that the legacy is not attachable, first, because not suable at law, but in equity only; and second, from analogy to the case of a personal legacy, which has been held in this court not to be liable to attachment in the hands of executors.
1. The statute respecting attachments authorizes the sheriff to attach the goods and chattels, rights and credits, moneys and effects, lands and tenements, of an absconding or absent debtor. This writ is an useful remedy, sometimes the only method, whereby the creditor can secure his debt. It is therefore to receive a liberal, not a rigorous, regard. The terms of the statute are abundantly sufficient to comprehend the case of a legacy, and ought so to bo construed, unless there be something in the nature of the subject, or the mode of recovery, or the tribunal having jurisdiction over it, which may prevent. It is clear there are circumstances *under which a legacy charged on land is [*117 recoverable in a court of common law. This position is fully sustained by the following cases: Ewer v. Jones, 2 Salk. 415. 2 Ld. Ray. 937; Nicholson v. Shearman, T. Raym. 23. 1 Siderf. 45; Paschell v. Keterick, 2 Dyer, 151, b.; Sambern v. Sambern, 2 Bulst. 257; Hawkes v. Saunders, Cowp. 289, per Buller, just.; Livingston v. Livingston, 3 John. 189; Beeker v. Beeker, 7 John. *148 99; Vanorden v. Vanorden, 10 John. 30. On the other, hand, two authorities only- were cited on the argument at the bar, by the counsel of the defendant. 3 Cruise 566, tit. Presumption, eh. 2, see. 9, where the writer says, A legacy given out óf real property is only recoverable in a court of equity. Oruise refers to a single case in support of this position; 1 Vern. 256; where the question was not mentioned, and it does not even appear that the legacy was given out of real property. The other case was from 1 Desaus. Ch. Rep. 588. The grounds on which that decision was made are not distinctly shewn, and may have been something in the statute law or peculiar customs of the state of South Carolina. It is, however, not strong enough, if determined on general principles applicable elsewhere-than in that state, to overcome a multitude of contrary cases. If, under no circumstance, a legacy charged on land, were suable at common law, there would be some foundation for an objection to the return in question. But as such circumstances may exist, the objection is premature, and can only be raised with propriety, when a claim is made against the garnishee, by the regular course of procedure, calling on him for payment. If then such circumstances cannot be shewn, he may avail himself of the want of them, and successfully resist the demand of the pSaintiff in attachment. But is said the garnishee may have no interest to resist the claim, and may omit to do so. And if he should, the debtor has no cause of complaint. If the debt on which the attachment is founded is just and honest, he can have no room for complaint that his property is applied to satisfy it. If not due, or unjust, he should dissolve the attachment, and defend' himself against it. Again, it is said, the lands charged with the legacy may be swept away from the devisee for,the payment of the debts of the testator, and if, therefore, he should pay the legacy under the attachment, he might be subjected to loss. Against such an event the garnishee may readily protect himself. But ought any court to listen to such a *149 complaint from the debtor? He can sustain *no [*118 injury; and he ought not to be allowed to shelter the legacy and abstract it from tbe reach of the law and of his creditors, under a peradventure that the devisee will not be wise enough to take care of himself.
2. In the second place, the present legacy was insisted to be not liable to attachment from analogy to a personal legacy. But there is a wide difference between the two cases; so that a barrier may properly exist in the one which is not to be found in the other. A personal legacy cannot be demanded until a refunding bond, with two sufficient sureties, is tendered to the executor, nor be sued for until such bond, if refused on tender, is filed. Rev. Laws, 50, sec. 3. No such preliminary is required, or necessary, .in the case of a legacy charged upon land. If then an executor was liable to be made garnishee in attachment, he might be subjected to make payment without that reasonable indemnity which the law has provided for him. Opon this ground mainly, as I have understood, for I was absent, from indisposition when the decision was made, this court, in the case of Thorn v. Wright, quashed an attachment levied on a personal legacy in the hands of executors.
We are of opinion, therefore, that the objections to the return are not sustained, and that the motion to quash it ought to be overruled.