### SMITH *vs.* JOHNSON.

Plaintiff's declaration recited that he had sold and conveyed to defendant certain premises by indenture subject to a bond and mortgage previously given by plaintiff to W. Then followed averments that defendant accepted said indenture; that the sum mentioned in the bond and mortgage was in arrear and unpaid to the mortgagee from the plaintiff who was "liable to pay the same, and which said sum formed a part of the consideration for the said premises, and was deducted out of the same, and was to be paid and borne by the said defendant:" that defendant went into possession under the deed; that the mortgagee foreclosed and sold "for a sum which left $4522.38 still due to W. and which the plaintiff was liable to pay, and which, to avert an execution against his property therefor, he did pay to the said W." "By means whereof the defendant became liable," &c., "and in consideration of the premises undertook and agreed to pay the plaintiff," &c. *Held*, on general demurrer, that the declaration was good.

The statements in declaration amount to an averment that it was agreed between plaintiff and defendant, at the time of the sale, that the latter would pay off the mortgage with so much of the purchase money, instead of paying the same directly to the plaintiff. And such a promise is unquestionably binding.

*It seems*, that purchasing premises from a mortgagor, by a conveyance declaring the premises subject to the mortgage, followed by actual possession under such conveyance, is a sufficient consideration to uphold such a promise as is alleged in the declaration in this case.

DEMURRER to declaration. The declaration recited that the plaintiff, by deed of indenture duly executed, sold and conveyed to the defendant, for the consideration of $5,000, certain real estate in the city of Brooklyn, to have and to hold, &c., "subject nevertheless to a certain bond and mortgage given by the said plaintiff to Samuel L. Waldo, bearing date, &c., for the sum of thirty-seven hundred and fifty dollars;" and then proceeded as follows: "And the said plaintiff avers that the at time of the execution of the said deed or indenture, he the said defendant accepted and received the same, that the said sum of money mentioned in the said bond and mortgage was then and there in arrear and unpaid to the said Samuel L. Waldo thereon from the said plaintiff, who was then and there liable to pay the same, and which said sum formed a part of the consideration for the said

premises and was deducted out of the same and was to be paid and borne by the said defendant. The declaration then stated that the defendant went into possession under the deed, that the mortgage not being paid, Waldo filed his bill against the plaintiff and the defendant and obtained the ordinary decree of foreclosure and for a sale of the mortgaged premises, that the same were sold for a sum which left $4,522.38 still due to Waldo and which the plaintiff was liable to pay, and which, to avert an execution against his property therefor, he did pay to the said Waldo." By means whereof the said defendant then and there became liable to pay to the said plaintiff the said sum of money last mentioned with the interest thereon, and being so liable he the said defendant afterwards, to wit, on, &c., at. &c., in consideration of the premises, undertook and agreed to pay, &c. Concluding with the usual breach. General demurrer and joinder.

*Slosson & Schell*, for the defendant.

*W. C. Noyes*, for the plaintiff.

*By the Court*, BEARDSLEY, J. The count demurred to states that the plaintiff gave a mortgage on certain real estate to one Waldo, upon which the ordinary decree for a foreclosure and sale was obtained, and the mortgaged premises thereupon sold, leaving a large balance of the mortgage money due for which the plaintiff was liable, and that to avoid an execution to levy the amount so remaining due, the plaintiff paid the same in full and thereby canceled said mortgage. Other facts are stated in the count, and which will be noticed, upon all which it is alleged the defendant was liable to repay said money to the plaintiff, and being so liable, the said defendant, in consideration thereof, promised to pay the same.

The point to be determined is as to the defendant's liability to pay this money, for that liability is the only consideration alleged for the promise. If a liability for the money is shown, that is undoubtedly a sufficient consideration to up-

hold the promise and in that point of view the count would be good.

If necessary, the promise alleged will be taken to have been an express promise. (*Beecker* v. *Beecker*, 7 Johns., 99.)

It is alleged that the defendant purchased the mortgaged premises of the plaintiff, and took a deed therefor subject to said mortgage. But this imposed no obligation on the defendant to pay off the mortgage, else every purchaser of an equity of redemption, as such, makes himself liable for all incumbrances, a doctrine not for a moment to be admitted. But if in the purchase of the mortgaged premises of the plaintiff the defendant became legally or equitably liable to pay the money secured by the mortgage, that liability will sustain the promise alleged in the declaration. (*Hunt* v. *Amidon*, 4 Hill, 345, 348, 9.)

The pleading demurred to alleges much more than a mere purchase by the defendant of the equity of redemption. It states that the plaintiff and his wife conveyed the premises to the defendant, in fee, in consideration of five thousand dollars, as is expressed in the conveyance, subject nevertheless to the mortgage previously executed by the plaintiff to Waldo, and it is averred that the defendant accepted and received said conveyance and subsequently took possession of said premises by virtue thereof. It is also alleged that the sum of money mentioned in said mortgage was in arrear and unpaid at the time of said conveyance, and "formed a part of the consideration for the said premises and was deducted out of the same and was to be paid and borne by the said defendant."

This is not expressed with great precision, but I understand it to be an averment that it was agreed between the plaintiff and the defendant, at the time of the purchase of the mortgaged premises by the latter, that he should and would pay off this mortgage with so much of the purchase money instead of paying the same directly to the plaintiff. The statement is somewhat informal and obscure, but it must be understood in this sense or it has no intelligible meaning. Such a promise would unquestionably be binding and the demurrer admits that it was made as alleged. I am

therefore unable to doubt, upon these facts, that the promise stated in the count was obligatory on the defendant, and that the demurrer should be overruled.

Taking title to mortgaged premises from the mortgagor by a conveyance which declares, as this does, that they are conveyed subject to the mortgage, and this followed by actual possession under such conveyance, makes the pur-chaser liable for the payment of the mortgage money, and is a substantial ground for the interposition of a court of equity to compel the purchaser to make such payment. (*Waring* v. *Ward*, 7 Ves., 337; *Cumberland* v, *Codrington*, 3 Johns. Ch., 229, 254-9; *Jumel* v. *Jumel*, 7 Paige 591; *Halsey* v. *Reed*, 9 id., 446; *Dorr* v. *Peters*, 3 Edw. Ch. R., 132; Powell on Mort. by Rand, 883 and notes.) The count alleges such a purchase in this instance, and that possession was taken by the purchaser. If it were necessary, I should strongly incline to the opinion that these facts show a suf-ficient consideration to uphold the promise as alleged, but it is unnecessary to place the case on this ground, for an express promise to pay the mortgage as part of the purchase money is stated, and that seems to place the validity of the promise to repay what the plaintiff had advanced to satisfy the mortgage, beyond all question.

Judgment for the plaintiff with leave to amend on the usual terms.