SPALDING *vs.* HALLENBECK and SPENCER.

Where the owners of a farm conveyed the same in fee, on condition that the grantee should support and maintain them during their respective lives; *Held* that this was equivalent to receiving a life annuity as the purchase price, which was a valuable consideration.

*Held also,* that there was a binding agreement, on the part of the grantee— manifested by his accepting the deed and entering into possession under it— to maintain the grantors, which was a sufficient consideration to support the deed.

MOTION for a new trial, on a case and exceptions. The action was brought to recover the possession of a farm in the town of Fulton, Schoharie county, and was tried at the Schoharie circuit, in May, 1858. On the 22d of March, 1856, the plaintiff and his wife, being the owners in fee of the premises in question, duly executed a warranty deed thereof to the defendant Hallenbeck, which deed recited that it was " in consideration of the covenants and conditions hereinafter contained." The conditions specified in the deed were as follows : " This conveyance is made upon the express condition, and the consideration of the above conveyance is, that the above named David Hallenbeck is to and agrees to keep, maintain and support the said Ezra Spalding, the party of the first part, and the said Jenny his wife, during their natural lives, both in meat, drink, clothing, nursing, care and attention, both in sickness and in health, doctoring suitable and convenient for people of their age, and at all times to use them, the said Ezra Spalding and Jenny his wife, kindly and proper, for people of their age. And if the said David Hallenbeck shall, at any time after the ensealing and delivering of this conveyance, fail to perform and keep the said Ezra Spalding and Jenny his wife according to the manner and condition above expressed, then this conveyance to be void, and the land herein conveyed revert back to the said Spalding and wife, the parties of the first part, they the said Spalding and wife binding themselves to pay the said David Hallenbeck, the party of the second part, for what time he shall then have so kept them, the said

Spalding *v.* Hallenbeck.

Ezra Spalding and wife, according to the above agreement, above what the use and occupation of the said place has or shall then have been worth, if any more shall be due to said Hallenbeck."

This deed was duly acknowledged and delivered, and recorded in the office of the clerk of Schoharie county. The grantee, at the time of the execution and delivery of the deed, and in consideration thereof, agreed verbally, to support the grantors, in the manner specified in the deed. He entered into possession under the deed, immediately, and cultivated and occupied the farm, and still continued in the possession. He maintained and supported the grantors, according to the condition, until the 9th of June, 1856, when the plaintiff's wife died. The plaintiff continued to reside with him until the 22d of August, in the same year, when he left, voluntarily, and without the fault of the defendant. The defendant offered to perform his agreement. The judge decided that the plaintiff was entitled to recover the premises in question; to which decision the defendants' counsel excepted. The counsel for the defendants then, to show that the plaintiff was not entitled to recover $50 per annum for the use and occupation, offered to prove the value of the keeping of the plaintiff and his wife, and their support and maintenance; to which the counsel for the plaintiff objected, on the grounds, 1st. That the evidence offered was irrelevant, and did not tend to prove title in the defendant under the deed from the plaintiff; and 2d. That no notice of such defense was set forth in the defendants' answer, and offered to accept a verdict for use and occupation from the time the plaintiff left the house of the defendant Hallenbeck. The court sustained the objection, and overruled the evidence; to which the counsel for the defendants excepted. The judge thereupon ordered a verdict for the plaintiff for the premises in question, and the sum of $87.50 for the use and occupation thereof from and after the time the defendant Hallenbeck ceased to support the plaintiff, and the jury rendered a verdict accordingly.

*A. Becker*, for the defendants.    I.  This deed, even if it had been executed before the revised statutes, under the circumstances, would have been valid.    (*Jackson* v. *Florence*, 16 *John.* 47.)    The court, Spencer, J. says: "Taking the whole deed together, the inference is irresistible that the defendant never bound himself by any *covenant or agreement* which could be enforced to support the lessor."    That Hallenbeck could have been made liable for a breach of *the contract* he himself swears he made, argument and authority are unnecessary to prove.    (*Jackson* v. *Delancey*, 4 *Cowen*, 427.)    The case in 16 *John.* 47, closely examined, is not authority against the defendant.    The defendant shows a consideration; none was pretended in 16 *John.* 47.    The deed created a conditional estate in fee, vesting presently, and defeasible by condition subsequent.    (2 *Black. Com.* 154.    *Co. Litt.* 201.    1 *Cowen*, 622.    9 *id.* 69.)

II.  We say this deed was *valid to create* a trust for the use of the grantees during their lives.    (1 *R. S.* 722, 723.)

III.  The deed is valid under the revised statutes.    (1 *R. S.* 738, §§ 136, 137, 138.    3 *Kern.* 517.)

IV.  The answer averred a good and valid consideration, and the proof abundantly established one which was abundant to uphold and sustain the deed.    1. The acceptance by Hallenbeck of the deed, with conditions annexed, is presumptive proof of an agreement on his part to perform them.    2. A consideration for the deed was proved.    (4 *Kent's Com.* 574, 7th ed.    5 *Barb.* 455.    4 *Denio*, 201.)

V.  The power of this court is ample to grant to a defendant affirmative equitable relief, by way of defense.    (*Crary* v. *Goodman*, 2 *Kern.* 266.)    That the defendant had equities, will and can not be questioned.

VI.  Not only by the rulings of the justice is the defendant deprived of the land, but he is required to pay for the use and occupation of it, although the plaintiff and his wife were supported not only as a full satisfaction for the use and occupation *of the land*, but for the fee itself.    Suppose the plaintiff

Spalding *v.* Hallenbeck.

and his wife had lived and resided with, and been supported by, the defendant for six years, at an expense of $1000, and had then died, according to the ruling of the judge at the trial, the defendant must then give up the land and pay for the *use and occupation.*

VII. The answer set up all the facts, and the judge erred in allowing a recovery for use and occupation.

*Henry Smith,* for the plaintiff. I. The deed from Ezra Spalding and wife to Hallenbeck was without any consideration, and is inoperative and void. It vests no estate in the grantee. (1.) The deed upon its face shows that there was no consideration. (2.) It is a mere conditional conveyance, to be in force only for such time as the grantees shall support the grantors. (3.) This being the only consideration stated in the deed, and the deed not saying for other considerations, none other than the one expressed can be shown or presumed. (*Jackson* v. *Delancey,* 4 *Cowen,* 427.) (4.) Taking the whole deed together, the inference is irresistible that Hallenbeck never bound himself, by any covenant or agreement which could be enforced, to support or maintain the grantors. If there was such an agreement, it was for the defendants to show. This not being shown, the deed was, within all the authorities, without consideration and void. (*Jackson* v. *Florence,* 16 *John.* 46. *Jackson* v. *Delancey,* 4 *Cowen,* 427. *Schott* v. *Burton,* 13 *Barb.* 182. *Pálmer* v. *Fort Plain and Cooperstown Plank Road,* 1 *Kern.* 387.)

II. There is nothing in the exception to the rejecting of the evidence offered, to show the value of the maintenance of the grantor and his wife. (1.) The right to recover for use and occupation, while grantors or either of them were maintained by defendants, was waived. (2.) No such defense was set up in the answer. (3.) No set off could be made of such a claim, in this form of action.

*By the Court,* GOULD, J.   In a late decision of this court, we have held that there must be a consideration for every deed; and that for a deed of bargain and sale, that consideration must be what the law calls a valuable one, as contradistinguished from what it styles a good consideration.   And also, that by the earlier decisions, as well as by the latest, such consideration may be either expressed in the deed, or proved independently of it.   It is also true, that where a particular consideration, and that only, is expressed in a deed, it cannot be contradicted by proof that there was not that consideration, but that there was a consideration totally different from the expressed one.   But proof of a further consideration superadded, does not contradict the deed, and is allowable; and it may be that by such consideration the deed will be sustained.

At common law, (before the courts of equity raised the doctrine of uses,) it was not necessary that any consideration should be expressed in a deed, for that the deed implied one. (*Plowd.* 308.  4 *Cruise's Dig.* 24.)   But, by the doctrine of uses, a conveyance without consideration expressed, was treated as voluntary, transferring indeed the *legal estate* to to the grantee, but leaving the *beneficial interest* in the grantor; and thus such a deed was held, in equity, to enure to the benefit of the grantor.   (*Rob. on Fraud. Conv.* 85.   2 *Black. Com.* 136, 271, 2, 327–330.)   Then came the statute of uses (27 *Henry* 8*th*) which *executed the use,* and transferred the *legal* estate to him who had the *beneficial interest,* so that, under that statute, a conveyance without consideration expressed would, at law, enure to the benefit of the grantor, by giving him the legal title, or rather, not passing it from him.  (2 *Black. Com.* 296, 332, 3.   *Perk.* § 533.)   Yet, if such a deed declared a use to a third person, it could not enure to the benefit of the grantor; *expressum facit cessare tacitum;* and the *implied* use became impossible, because declaring the use to be to a third person, shows that a use to the grantor was *not* intended.   It is negatived by the terms

Spalding *v.* Hallenbeck.

of the deed. In this country, however, it has been held by good authority, that in those states where this doctrine of uses never obtained, the ancient English statute of uses having nothing on which to operate, constituted no part of the common law of such states; and that there, a deed without consideration expressed, does *not* enure to the benefit of the grantor, but passes the title, legal and equitable.

These two principles would seem to limit any possible rule, that the grantor takes the benefit of a deed without consideration, so that it cannot be applicable to either of these two cases: 1st. Where, on the one hand, the law of the state implies no such use, from the absence of consideration; and, 2d. Where, on the other hand, the deed itself, on its face, shows an intent that it should *not* enure to his benefit. I am not aware how far the doctrine of uses ever prevailed in this state, or whether it prevailed at all. But it is true, that so far as express uses not sanctioned by our present law are concerned, our statutes are substantially equivalent to the statute of uses, and execute the use. (3 *R. S.* 15, §§ 47, 49, *5th ed.*) Yet, however that may be, I see no reason for not keeping the rule within the limits above. And in the case before us, the intent is plain, upon the face of the deed, that the grantors were to have a benefit therefrom *different from,* and *inconsistent with,* their retaining the title. They meant to secure a support for their lives, which is equivalent to a *life annuity* as the purchase price; and such a consideration has pecuniary value—is a valuable consideration. It is further true in this case that the proof is, that the defendant Hallenbeck entered into possession under the deed, and *performed* the condition, or consideration, named therein, by supporting the grantors; the voluntary leaving, of Ezra Spalding, after his wife's death, not affecting that fact.

It is said, however, that *Jackson* v. *Florence* (16 *John.* 47) is entirely decisive of this case, against the defendants, and that other cases have followed it to that extent. There is no need of going, in the least degree, aside of that decision, or

contrary to it, in order to sustain Spalding's deed, before us. The case in 16 *Johnson* needs but a careful reading, to show that it is very far from parallel to this one. So far as the clause stating the consideration is concerned, the two deeds are substantially the same. But in the subsequent part of the deeds the difference is total. The deed in the first case recites a prior agreement, *not proved* in the case, ("whereas, F. *has agreed,*") and then says, that "*if* the grantee shall perform" that unproved agreement, (that agreement *not* contained in the deed, and not *in esse* in any binding form,) "*then* the above conveyance *to be taken and construed* to all intents and purposes; in other, to be void and of none effect." And on *this* instrument the court say, "a deed of lands will be inoperative if there be no consideration to support it;" and, "in the present case, there is no pretense of consideration other than as is expressed in the deed; and we are of opinion that the deed itself furnishes no evidence of consideration. Taking the whole deed together, the inference is irresistible that the defendant never bound himself by any covenant or agreement which could be enforced, to support, &c. the plaintiff. The deed leaves it to the option of the defendant, either to support the lessor, or suffer the deed to become void, by withholding the support. If there had existed any agreement by which the defendant was bound to support the lessor, it was incumbent on the defendant to produce it; but, in the absence of such agreement, we are bound to say there was no consideration for the deed."

If then there be, *in Spalding's deed,* a binding agreement by Hallenbeck (which can be enforced) to *support* the plaintiff, that is a sufficient consideration to support the deed; though it be a deed of bargain and sale. (*See also* 9 *Cowen,* 69.) To ascertain whether there be, note the words of the deed, how totally they differ from those above cited; "the consideration of the above conveyance is, that the above named David Hallenbeck *is to,* and *agrees to,*" (that is, *hereby* agrees to,) "keep, maintain and support," &c.; and *if he fail* so to do,

Spalding *v.* Hallenbeck.

the deed is to be void and the land is to revert to the grantors. Consider these words in the light of its being proved, in the case, that the grantee *accepted* the deed, and went into possession under it. "Agrees," *ex vi termini,* means that it is the agreement of *both* parties, both *concurring* on the point, whether both sign or not. And the *act of acceptance* is fully equal, in its binding effect, to any signing and sealing ; and such words, in a deed-poll accepted by the grantee, make a covenant on his part, binding him and to be enforced against him, though he did not sign the deed. (*Co. Litt.* §217, *n. Cro. Jac.* 399. *Barton* v. *McLean,* 5 *Hill,* 258, 9. *Aikin* v. *Albany, Vermont and Canada R. R. Co.,* 26 *Barb.* 298. *Van Rensselaer* v. *Smith,* 27 *id.* 140, *and cases there cited.*) It appears to me that beyond question Hallenbeck was bound by these words ; and might have been sued on them and compelled to furnish the support. It is true that his failing to keep his covenant would work a forfeiture ; but enforcing that was not the plaintiff's only remedy. And so long as a promise to do an act, a binding agreement, is a sufficient consideration for a corresponding agreement to do some other act, or to pay money, I see no reason why such a covenant as this is not entirely sufficient to support the deed.

It seems to me there should be a new trial.

New trial granted.

[ALBANY GENERAL TERM, March 7, 1859. *Wright, Gould* and *Hogeboom.* Justices.]