MAGDALENA HOFFMAN and WILLIAM J. FRIEND

*v.*

CHRISTIAN FRIEND, JR., et al.

[Argued April 30th, 1920.   Decided November 5th, 1920.]

1. Where a will bequeathed certain legacies and charged a bequest and devise to his son with the payment of them, further providing that said legacies are not to create a lien upon the property given to his son, the legatees have a cause of action against the son individually for the amount of the legacies, but no lien against the property he receives under the will in question.

2. Such action may be brought in a court of equity, even though it might possibly be maintainable in a court of law.

On bill, answer and proofs taken in open court.

*Messrs. Coult & Smith,* for the complainants.

*Messrs. Hart & Vanderwart,* for the defendant Christian Friend, Jr., individually and as executor.

STEVENSON, V. C.

My conclusion is that the complainants are entitled to a personal decree for the amount of their legacies against the defendant Christian Friend, Jr., individually, but not as executor of his deceased father.

My further conclusion is that the complainants are not entitled to have any lien or charge established in their favor upon the land which the defendant Christian Friend, Jr., took as devisee under his father's will.

In my judgment, although this will is inaccurately drawn, the intention and meaning of the testator with respect to the subject-matter of the present controversy are clear and fully capable of being carried out.   After eliminating the New Jersey and New

York real estate there was plainly no estate from which the legacies to the complainants and to other beneficiaries, amounting in the aggregate to $4,600, could be paid. The assets of the estate which possessed value seem to be a piece of real estate in New York, the value of which does not appear, and which was owned by the testator and his wife as tenants in common, and the farm in New Jersey with which we have to deal, worth at the time the will was made, or at the time of the death of the testator, about $10,000, and later about $25,000. The testator gave his entire estate, real and personal, to his widow for life, and subject to that life estate devised the New York land to his daughter Emma, and the New Jersey farm and its equipment to his son, the defendant Christian Friend, Jr. The testator plainly recognized the fact that the legacies to the complainants and to others, amounting in all to $4,600, required special provision for their payment if the scheme of his will was to be carried out. The usual course which a testator under advice of counsel would take in such a situation would be to charge the legacies upon the land, probably upon the New Jersey farm, which was devised to the son, subject to the life estate of the widow—a life estate which presumably would not endure many years. This testator, however, for a reason which I think may be surmised, after devising and bequeathing the farm with its equipment, subject to the widow's life estate, to his son, the defendant Christian Friend, Jr., provides as follows:

"But I charge this bequest and devise to my said son Christian Friend, Jr., with the payment by him of the legacies herein bequeathed in the third, the fourth, the fifth and the sixth paragraphs of this my will, amounting in all to forty-six hundred dollars. The payment of which charges are not, however, to create any lien upon said farm or the personal property herein devised and bequeathed to my son Christian."

It is important to note that all the legacies were made payable at the time of the death of the widow, the life tenant, and without interest.

It has been argued that we have here a case of repugnancy between two successive provisions of this will. I think, however, that full force may be given to both of these clauses. The testator, immediately following these clauses, provides that his execu-

trix (his widow) and executor (his son, the defendant), and the survivor of them, "to better manage my estate and for such other purpose as may arise" are authorized and empowered to sell any part or all of the said real estate, and to lease the same, &c. The indications are distinct that the testator and his adviser, if he had one, in drawing this will were dealing with matters about which they lacked accurate technical knowledge. The intention, I think, was to avoid a lien or charge upon this land which might remain upon it for some time and interfere with a sale of the land or the accomplishment of other purposes of the testator. It will be observed that the testator charges the bequest and devise to his son with the payment "by him" of the legacies in question. I think that the language of the will under all the circumstances amounts to a declaration by the testator that he makes his gift to his son upon condition that the son will pay the amount of the legacies. The will, in effect, says to the son: "This gift is made to you, but if you accept it you must take upon yourself personally the burden of paying the legacies." It will be observed that the two clauses follow one after the other and indicate that the whole subject was in the mind of the testator. That he intended, in the first clause, to create a lien upon the land by charging the legacies upon it, and then in the next clause to declare that there should be no such lien, should not, I think, be found, if there is any other reasonable interpretation giving force to the two clauses when taken together. It may be noticed that the second clause indicates the inartificial character of the will. It declares that the "payment" of the "charges are [*sic*] not to create any lien" upon the land or personal property. This use of the word "charges" I think indicates that in the preceding clause in which the testator says: "I charge this bequest and devise to my son," &c., the word "charge" may well be given a special meaning somewhat different from the technical meaning of similar language when accurately employed.

That a testator may make a gift of real or personal property, or both, with an express provision that the acceptance of the gift shall impose a personal obligation upon the donee to pay money, or do anything else for the benefit of a third party, cannot, I think, be questioned. This is a common instance to which the

equitable doctrine of election is applied. The donee is not required to accept; no duty is cast upon him; he is left to act voluntarily either in rejecting the gift with its personal burden or accepting the gift and assuming the personal burden.

The remedy in this case, I think, is properly in equity. I shall not undertake to discuss the numerous cases which I have examined in regard to the question whether the complainants in this case have any remedy at law. I know of no case in New Jersey which supports the proposition that this sort of personal liability imposed, in fact, self-imposed, on Christian Friend, Jr., under the equitable doctrine of election, can be enforced by an action at law. See *Bird* v. *Hawkins, 58 N. J. Eq. 229*, and, particularly, what is said at *pp. 247* and *248*. If there be a legal liability as yet undeclared by the courts of law of New Jersey, on the part of a legatee or devisee under the equitable doctrine of election, I think it still remains true, as stated by Vice-Chancellor Grey in *Bird* v. *Hawkins, supra,* that "the remedy in equity is deemed to be more appropriate and complete than at law."

I have examined carefully a large number of authorities in addition to those contained in the briefs of counsel. In considering the weight of some of these authorities upon the question whether an action at law is maintainable in New Jersey to enforce an obligation assumed under the equitable doctrine of election, regard must be had for the fact that in New Jersey, unlike Massachusetts and other states, the statute gives an action at law for the recovery of a legacy only against an executor and also for the effect of the merger, or attempted merger, in many states of law and equity.

The following authorities relating to the subject of legacies charged on land and the remedy at law and in equity to recover such legacies by personal judgment or decree and by sale of the land sustain, I think, the conclusions above set forth: *Horning* v. *Wiederspalen, 28 N. J. Eq. 387; Kearney* v. *Macomb, 16 N. J. Eq. 189, 195; Leigh* v. *Saridge, 14 N. J. Eq. 124; Johnson* v. *Poulson, 32 N. J. Eq. 390; Beecker* v. *Beecker, 7 Johns. 99; Livingston* v. *Livingston's Executors, 3 Johns. 189, 192; Spraker* v. *Van Alstyne, 18 Wend. 200; Lockwood* v. *Stockholm, 11 Paige 87; Brown* v. *Knapp, 79 N. Y. 136, 143; Kelsey* v.

*Western, 2 N. Y. 501, 507; Swasey* v. *Little, 24 Mass. 297, 299; 2 Story Eq. (11th ed.)* § *1080a; 19 Am. & Eng. Encycl. L. 1366.*