Spaulding *v.* Hallenbeck.

---

SPAULDING and HEMPSTEED *vs.* HALLENBECK and SPENCER.

The natural and obvious meaning of the words "representatives of a deceased person," as they are used in section 399 of the code, is, *executors and administrators. Heirs* are not the representatives of their ancestor, within the meaning of that section.

The admissions of a grantor in a deed, against his own interest, and tending to establish a sufficient consideration for the deed, he being an original party to the record and identified in interest with the plaintiffs, are admissible in evidence against the plaintiffs, as part of the *res gestæ.*

In an action by the heirs of a grantor, against the grantee, to recover possession of the land, for a breach of the condition upon which it was conveyed, the declarations of the grantor, showing a performance of the condition, are admissible.

Where a deed was conditioned for the support and maintenance of S. and his wife, the grantors; *Held,* in an action, by the heirs of the grantors, to recover the premises for a breach of the condition, that it was not erroneous to charge the jury that if S. had expressed himself satisfied with the manner in which he was treated by the grantee, it was to that extent a waiver of a strict performance. And that the charge must be deemed confined to the time when the admissions were made, and not as embracing a subsequent period.

Spaulding *v.* Hallenbeck.

Where a deed was upon the express condition that the grantee should keep, maintain and support the grantors, and that if he failed to do so, the conveyance should be void and the premises revert back to the grantors; *Held* that the condition involved a forfeiture of the premises, upon a failure of the grantee to perform, and was intended as a security in the nature of a penalty for its performance. That it was a condition subsequent, and upon failure to fulfill, the grantors had a right to re-enter upon the premises.

In such a case it is proper for the judge to leave it to the jury to determine whether the grantee intended, in good faith to perform, and had substantially performed, the condition of the deed; and that a substantial compliance with the contract would save the forfeiture.

Courts of equity will relieve against penalties and forfeitures.

MOTION for a new trial, on a case, with exceptions. The action was brought by Ezra Spaulding to recover the possession of a farm of land in the town of Fulton, Schoharie county. During the pendency of the action Ezra Spaulding died, and the action was continued by order of the court in the name of the plaintiffs, who were his heirs at law. The case was first tried before Justice HOGEBOOM and a jury, and a verdict was rendered in favor of the plaintiff, which was subsequently set aside and a new trial granted. (*See* 30 *Barb.* 292.) The cause was tried again before the same justice and a jury, in May, 1860, and a verdict was rendered in favor of the defendants. It appeared on the trial that on the 24th day of March, 1860, Ezra Spaulding and his wife, being the owners of the premises in question, duly executed and delivered to the defendant Hallenbeck a warranty deed thereof, which deed recited that it was in consideration of the covenants and conditions thereinafter contained. The conditions specified in the deed are as follows: "This conveyance is made upon the express condition, and the consideration of the above conveyance is, that the above named David Hallenbeck is to and agrees to keep, maintain and support the said Ezra Spaulding, the party of the first part, and the said Jenny his wife, during their natural lives, both in meat, drink, clothing, nursing, care and attention, both in sickness and in health, doctoring suitable and convenient for people of their

age, and at all times to use them, the said Ezra Spaulding and Jenny his wife, kindly and proper for people of their age. And if the said David Hallenbeck shall at any time after the ensealing and delivery of this conveyance, fail to perform and keep the said Ezra Spaulding and Jenny his wife, according to the manner and condition above expressed, then this conveyance be void, and the land herein conveyed revert back to the said Spaulding and wife, the parties of the first part, they, the said Spaulding and wife, binding themselves to pay the said David Hallenbeck, the party of the second part, for what time he shall then have so kept them, the said Ezra Spaulding and wife, according to the above agreement, above what the use and occupation of the said place has or shall then have been worth, if any more shall be due to said Hallenbeck." The defendant Hallenbeck entered into possession under the deed immediately, and maintained and supported the grantors according to the condition until the 9th day of June, 1856, when Ezra Spaulding's wife died. Spaulding continued to reside with Hallenbeck until the 22d day of August in the same year, when he voluntarily left. There was some conflict of evidence as to whether Hallenbeck did support Spaulding and wife in accordance with the condition of the deed. Upon the trial the defendant Halenbeck was sworn as a witness on his own behalf. Objections were taken by the plaintiffs to his evidence, upon the ground that he was a party defendant, and that the plaintiffs were the representatives of a deceased person. The judge ruled that he was competent, and the plaintiffs' counsel excepted. Evidence was given on the trial of the declarations of Ezra Spaulding, deceased, which were objected to by the plaintiffs' counsel as hearsay and as irrelevant, and the objection overruled, to which decision exception was duly taken. The justice charged the jury, amongst other things: "That this action is brought to recover the farm in question by the plaintiffs, the heirs at law of Ezra Spaulding, deceased. The defendant Hallenbeck claims title under a deed exe-

cuted by Ezra Spaulding and wife, dated March 22d, 1856. This deed, if it was executed by the grantors and delivered to the grantees, showed upon its face a sufficient consideration to pass the title to the defendant Hallenbeck, if occupied by the defendant Hallenbeck, and was binding upon the parties thereto at the time of its delivery and acceptance." (To which plaintiffs' counsel excepted.) "That if the defendant Hallenbeck had failed to perform the conditions of the deed, then and in that case the deed became void, and the plaintiffs would be entitled to recover; but if the jury were satisfied from the evidence that the conditions of the deed had, in all respects, been substantially performed by the defendant Hallenbeck, then the plaintiffs were not entitled to recover. (To which the plaintiffs' counsel excepted.) That if the jury believed Ezra Spaulding was satisfied with his treatment, and so expressed himself, it would be a waiver of a strict performance of that which might otherwise be insisted upon as a forfeiture, if the evidence would warrant it. (To which the plaintiffs' counsel excepted.) That if defendant Hallenbeck intended in good faith to perform all the conditions of the deed, and has substantially performed them, it will be sufficient, for the law under such circumstances leans against forfeitures, (to which the plaintiff's counsel excepted;) but it is your duty to see whether there has been a substantial or intentional neglect on the part of Hallenbeck to keep the conditions of the deed; and [if there has been such neglect, the plaintiffs are entitled to recover."] To which charge, except the last clause thereof in brackets, the plaintiffs' counsel excepted. The judge having his attention called to his charge to the jury, reiterated portions thereof, and further charged substantially as follows: "That the deed in question, introduced in evidence by the defendants, was upon the face good and valid and given upon a good and valid consideration, and if executed by the grantors and delivered to the grantees is sufficient to pass the title from Spaulding and wife, grantors, to the defendant Hallenbeck." To which

and to every part of which charge of his honor the plaintiffs' counsel excepted. The judge also further charged the jury that said deed having been given by Spaulding and wife, and accepted by the defendant Hallenbeck, it became and was binding on the parties thereto, unless defeated by a subsequent failure to perform on the part of the defendant. To which and to every part of which charge the plaintiffs' counsel then and there duly excepted. The judge also further charged the jury that in order to entitle the plaintiffs to recover, inasmuch as the defendants had given considerable evidence tending to show performance, and inasmuch as the effect of non-performance was a forfeiture of the title, there ought clearly and substantially to appear from the evidence a breach on the part of the defendant Hallenbeck of the condition mentioned in the deed to be kept and performed by the defendant. To which and to every part of which the plaintiffs' counsel excepted. The judge also further charged the jury that if he, Spaulding the grantor, was in fact satisfied and expressed himself satisfied with the manner in which he was treated, it was to that extent a waiver of a strict performance by the defendant of the condition of the deed. To which and to every part of which the plaintiffs' counsel also excepted.

The jury found a verdict in favor of the defendants, and an order was made that the plaintiff have time to prepare and serve a case and exceptions, to be heard in the first instance at the general term.

*H. Smith,* for the plaintiffs.

*J. K. Porter,* for the defendants.

*By the Court,* MILLER, J. I think that the defendant Hallenbeck was a competent witness to prove the declarations made by the deceased. In *McCray* v. *McCray,* (12 *Abb.* 1–4,) it was decided that the natural and obvious meaning of the words "representatives of a deceased person," as they

are used in section 399 of the code, is executors and admin-
istrators. That case presented the same question as the one
now under consideration, and it is quite clear that the plain-
tiffs in this suit were not the representatives of a deceased
person, within the meaning of section 399 of the code.

The declarations of Ezra Spaulding were competent evi-
dence in the case. He was the grantor of the premises in
question and a party to the contract embraced in the con-
veyance. He was an original pa·ty to the record and iden-
tified in interest with the plaintiffs. (1 *Greenl. Ev.* § 171.)
The admission made by him was against his own interest
and tended to establish a sufficient consideration for the deed.
The evidence was a part of the *res gestæ.* (1 *Greenl. Ev.*
§ 109.) The plaintiffs attempted to prove that the defend-
ant Hallenbeck had failed to fulfill the conditions of the
deed. The defendants, to contradict this evidence, intro-
duced the declarations of Spaulding, showing that he was
entirely satisfied with his treatment by Hallenbeck. This
was an important and a material issue in the case, and the
declarations of the party were clearly admissible.

The remaining exceptions relate to the charge of the judge
in submitting the case to the jury. The points raised as to
the consideration and the validity of the deed from Spauld-
ing and wife to Hallenbeck were fully considered and decided
by the general term upon the former appeal, and must there-
fore be regarded as *res adjudicata.* (30 *Barb.* 292.) I shall
therefore pass to a consideration of the other objections to
the charge. It is insisted that the judge erred in charging
the jury that Ezra Spaulding waived the conditions of his
deed if he was satisfied with his treatment and so expressed
himself.; that the waiver, if there was any, could only have
been up to the time he expressed himself, which was long
before he left Hallenbeck; and that the omission to express
dissatisfaction did not waive his right to insist upon a strict
performance of the contract. I think the charge of the judge
was sufficiently restricted, so as to confine it to the time when

Spaulding *v.* Hallenbeck.

Spaulding expressed himself satisfied with his treatment. The fair and legitimate import of the words employed cannot be said to bear a different interpretation. In fact the judge stated explicitly, in his charge, that if he, Spaulding, was satisfied and expressed himself satisfied with the manner in which he was treated, it was to *that extent* a waiver of a strict performance by the defendant of the condition of the deed. It seems to me that this was a limitation of the charge and confined it to the time when the expressions were made. It was in substance submitting to the consideration of the jury the declarations of Spaulding as of the time when made, and qualifying them to *that extent*. It cannot, I think, be fairly claimed that the judge intended to charge that these declarations related to a period subsequent to the time when made, or that he meant they should bear any such construction. It seems to me that this portion of the charge was substantially correct. Nor do I understand that the charge embraced the proposition that Spaulding's omission to express dissatisfaction was a waiver of his right to insist upon a strict performance of the contract, or that it conveyed any such idea. If, however, the charge was not satisfactory, and the plaintiff had desired more definite instructions, he should have made a request for them. If he had considered the charge as uncertain in this respect and had wished the judge to limit it, he should have thus expressed himself, and I doubt not the judge would have so charged. But no such request was made, and it would be a forced construction—a perversion of the plain and true meaning of the charge (as I think it must have been intended and understood—) to hold that the language employed conveyed an erroneous impression to the jury. If there was any question the remedy was plain and the plaintiff should have asked for more pointed and more explicit instructions. As he failed to do so, I think there is no force in the objection.

It is claimed that the judge erred in charging the jury that a *substantial compliance* with the contract was sufficient to

save the defendants from a forfeiture, and in leaving it to the jury to determine what was a substantial compliance with the contract. Assuming that the charge goes to the extent claimed, it involves the question whether the condition in the deed is a penalty or forfeiture intended as security for the performance of the contract, and whether the grantor had a right to insist upon a strict technical performance of the terms of the condition.

There is a class of English cases which would appear to hold that in all cases of forfeiture for a breach of any covenant other than a covenant to pay rent, no relief ought to be granted in equity unless upon the ground of accident, mistake, fraud or surprise, although the breach is capable of a just compensation. (*Hill* v. *Barclay,* 16 *Ves.* 402. 18 *id.* 56. *Reynolds* v. *Pitt,* 19 *id.* 134.)

It will be observed that the cases cited were actions of ejectment, founded on a breach of a collateral covenant in the lease, where it would be at least difficult to obtain an adequate compensation in damages, and where the equities appeared to be very much against the defendant. In 16 *Vesey,* 402, Lord Chancellor Eldon says : " There is no ground for relieving a tenant whose conduct with reference to his covenant has been gross and ruinous, that the landlord may be placed in the same situation by afterwards putting the premises in sufficient repair. How can it be ascertained that the subsequent repairs do put the landlord in the same state ?" It was partially on these grounds that equitable relief was refused in the case last cited. But the doctrine sought to be established even in such cases is received with some hesitation in this country. (*Story's Eq. Jur.* § 1323. *Harris* v. *Troup,* 8 *Paige,* 425.) A distinction is attempted to be made, and where the condition of forfeiture is merely a security for the non-payment of rent, then it is to be treated merely as security in the nature of a penalty, and is relievable ; but where the forfeiture arose from a breach of any collateral covenant, then courts of equity would not relieve. (*Story's Eq. Jur.*

§§ 1320, 1321.) Great doubts however are expressed in regard to the soundness of the distinction between the two classes of cases as recognized in the English cases. (*Story's Eq. Jur.* §§ 1322, 1323. *vol.* 2, *p.* 754, *note* 1.) Mr. Justice Story in his Commentaries, also says: "Doubts have been expressed as to the solidity of the foundation on which the doctrine of affording relief in such cases rests. But whatever may be the origin of the doctrine, it has been for a great length of time established and is now expanded, so as to embrace a variety of cases not only when money is paid, but when other things are to be done and other objects are contracted for." (*See Story's Eq. Jur.* §§ 1313, 1314, 1315, *n. Skinner* v. *Dayton*, 2 *John. Ch.* 535.)

The principle laid down by Lord Eldon, in 16 *Vesey*, and sustained in the cases referred to, could not be regarded as applicable to the case under advisement, for the condition of the deed in the case at bar was doubtless intended as security in the nature of a penalty, and cannot in any way be considered in the light of a collateral covenant to repair under a lease, where no adequate compensation in damages could be obtained in an action for a breach of it.

The provision, in the deed from Spaulding and wife, was a condition subsequent; to be performed after its execution and delivery. No precise technical words are necessary to make a condition precedent or subsequent. The construction must depend upon the intention of the parties. (3 *Cruise's Dig.* 468, *tit.* 32, *ch.* 24, § 7. *Id. tit.* 13, *ch.* 1, § 10. *Blacksmith* v. *Fellows*, 3 *Seld.* 401.) It may depend upon the order or time in which the conditions are to be performed. (*Parmelee and others* v. *The Oswego and Syracuse R. R. Co.*, 2 *Seld.* 74.) If the condition does not necessarily precede the vesting of the estate, but may accompany and follow it, if the act may as well be done after as before the vesting of the estate, the condition is subsequent. (*Martin* v. *Ballou*, 13 *Barb.* 119, 133.) So if from the nature of the act to be performed and the time required for its performance, it is ev-

idently the intention of the parties that the estate shall vest and the grantee perform the act, after taking possession, then the condition is subsequent. (*Underhill* v. *The Saratoga and Washington R. R. Co.*, 20 *Barb.* 455. 4 *Kent's Com.* 125, 126.) These conditions are not favored in law, and are construed strictly, because they tend to destroy estates, and the rigorous exaction of them is a species of *summum jus*, and in many cases hardly reconcilable with conscience. (4 *Kent's Com.* 129. *Ludlow* v. *The New York and Harlem R. R. Co.*, 12 *Barb.* 440, 444.) Courts' of equity will never lend their aid to divest an estate for the breach of a condition subsequent. (4 *Kent's Com.* 130. *Livingston* v. *Tompkins*, 4 *John. Ch.* 415, 431.) Chancellor Walworth sustained this principle in *Livingston* v. *Stickles*, 8 *Paige*, 398. *See also Nicoll* v. *The New York and Erie R. R. Co.*, 2 *Kern.* 121.) Lord Hardwicke says, in *Rose* v. *Rose*, (*Amb.* 332,) "Equity will relieve against almost all penalties whatsoever; against non-payment of money at a certain day; against all forfeitures." It is a standing rule that a forfeiture shall not bind when a thing may be done afterward, or any compensation may be made. Forfeitures have always been considered as odious in the law, and courts of law, circumscribed as their jurisdiction is, struggle against them.

The deed in question is upon the express condition that the grantee shall keep, maintain and support the grantors, and if he fail to do so, according to the manner and condition expressed in the conveyance, it is declared to be void and the premises revert back to the grantors. This condition involves a forfeiture of the premises upon a failure of the grantee to perform, and it is quite apparent that it was intended as a security in the nature of a penalty for its performance. It was a condition subsequent, and upon a failure to fulfill its requirements the grantors had a right to re-enter upon the premises. It presents a case somewhat similar to one where rent is payable, and a right of re-entry is reserved upon its non-payment. If the grantee refused to comply with this

condition he forfeited the estate. It was the penalty which he consented to accept as a condition of the grant. In all such cases equity will relieve; and applying this principle to the condition in this deed, there can be no doubt that it was a clear case where the doctrine of forfeiture in the nature of a penalty, applied, and that the charge of the judge was correct. He fairly left it to the jury to determine whether the defendant intended in good faith to perform and had substantially performed the condition of the deed, which I think was a correct disposition of the case.

A new trial should be denied, with costs.

[ALBANY GENERAL TERM, May 5, 1862. *Hogeboom, Peckham* and *Miller*, Justices.]