EZRA SPAULDING and another, Appellants, *v.* DAVID HALLEN-
BECK and another, Respondents.

Admissions by a party that the conditions upon the failure of which his title
    and right of action depended had been performed, are admissible in evidence
    in an action prosecuted by the plaintiffs as heirs of the party making the
    admissions, by reason of privity between them.

Where a defendant is put on the stand as a witness, and is then examined, with-
    out objection, touching matters in respect to which he is not competent to
    testify, and, after the examination is closed, a motion is made to strike out all
    the testimony of the said party, the motion should be denied if it would
    include any testimony which it was competent for the party to give.

ACTION to recover the possession of real estate, consisting of
a farm of fifty acres in the county of Schoharie. The action
was commenced in the name of Ezra Spaulding, Senior, and
he having died, was continued in the names of the appellants,
his heirs.

On the trial, which occurred after the death of the original
plaintiff, the defendants admitted that Ezra Spaulding, Senior,
owned in fee, and was in possession of, the farm in dispute,
on and prior to the 22d of March, 1866. The defendants
proved a warranty deed of the farm, dated on that day, exe-
cuted by Spaulding and wife to the defendant Hallenbeck,
which was expressed to be in consideration of the "covenants
and conditions" thereinafter contained. The deed contained
the following subsequent clause : "This conveyance is made
on the express condition, and the consideration of the above
conveyance is that above named. David Hallenbeck is to
and agrees to keep, maintain and support the said Ezra
Spaulding, the party of the first part, and the said Jenny,
his wife, during their natural lives, both meat, drink, cloth-
ing, nursing, care and attention, both in sickness and in
health, doctoring suitable and convenient for people of their
age, and at all times to use them, the said Ezra Spaulding,
and Jenny, his wife, kindly and proper for people of their
age ; and if the said David Hallenbeck shall at any time after
the ensealing and delivery of this conveyance, fail to perform

and keep the said Ezra Spaulding, and Jenny, his wife, according to the manner and condition above expressed, then this conveyance to be void, and the land herein conveyed revert back to the said Spaulding and wife, the parties of the first part, they, the said Spaulding and wife, binding themselves to pay the said David Hallenbeck, the party of the second part, for what time he shall then have so kept them, the said Ezra Spaulding and wife, according to the above agreement, above what the use and occupation of the said place has or shall then have been worth, if any more shall be due to said Hallenbeck." It was proved that immediately after the delivery of the deed, the grantee took possession of the farm, and the grantors commenced living with him in the dwelling house thereon, and continued to live in his family until the 9th of June, 1856, when Mrs. Spaulding died. Her husband remained there until the following August, when he voluntarily left defendant's house, and did not return to it. There was a conflict of testimony as to whether Hallenbeck provided for Spaulding and his wife, and treated them as required by the conditions of the deed. The plaintiff Spaulding, one of the appellants, was examined as a witness in behalf of the plaintiffs, and testified, without objection, to improper treatment of his father by Hallenbeck, on certain occasions which he specified. Hallenbeck was then examined as a witness in behalf of the defendants, and gave his version of the transactions to which the plaintiff had testified, and also stated other transactions and conversations between himself and the deceased personally. No objection was made to his being examined, nor to any part of his testimony, except that portion relating to the conversations with the deceased, which was objected to solely on the ground that it was hearsay and irrelevant. After his examination and cross-examination had been concluded, the plaintiffs' counsel moved to strike out his testimony, on the ground that he is a party defendant and the plaintiffs are the representatives of a deceased person. The motion having been denied, the plaintiffs' counsel then moved to strike out all the testimony of said witness as to transac-

tions with the deceased, on the same grounds above stated. That motion also was denied.

Catharine Wiltsey, a witness called by the defendants, testified that, after the deceased left Hallenbeck's, she asked him if Hallenbeck or his wife had misused him, and he answered no. This testimony was objected to by the plaintiffs' counsel as hearsay, and the objection was overruled. The several rulings above stated were excepted to.

The plaintiffs also excepted to the following propositions contained in the charge: 1. That, if the jury were satisfied, from the evidence, that the conditions of the deed had, in all respects, been substantially performed by Hallenbeck, the plaintiffs were not entitled to recover. 2. That if Spaulding, the grantor, was in fact satisfied, and expressed himself satisfied with the manner in which he was treated, it was to that extent a waiver of a strict performance by defendant of the condition of the deed.

The plaintiffs' counsel requested the judge to charge, that the deed not having been signed by the grantee, and no other covenant or agreement having been executed by him, the deed was without consideration, and void ; which request was refused, and the plaintiffs' counsel excepted.

The jury rendered a verdict for the defendants, and the Supreme Court, on a hearing of the exceptions at General Term, having denied a motion for a new trial and ordered a judgment on the verdict, the plaintiffs now appeal to this court. The case is submitted on printed briefs.

The case in the Supreme Court is reported in 30 Barb., 294, and in 39 id., 79.

*Henry Smith,* for the appellants.

*Abraham Becker,* for the respondents.

SMITH, J. The deed to Hallenbeck is founded on a sufficient consideration, to wit, the agreement of the grantees, therein expressed, to maintain and support the grantors. The deed contains not only a condition, but also an express covenant to that effect. The language is, " Hallenbeck *is* to and

*agrees* to keep, maintain," &c. The grantee, having accepted the deed and taken possession under it, is bound, by the covenants therein contained, as effectually as if he had signed them. (9 Wend., 618; 1 Seld., 229.) In *Jackson* v. *Florence*, cited by the appellants' counsel (16 Johns., 46), there was a bare naked condition expressed in the deed, unaccompanied by any covenant or agreement on the part of the grantee. The distinction between cases of that description and those like the one before us, where the condition is connected with a covenant, is obvious and well established by authority. (8 Paige, 402; 11 id., 414; 1 Kern., 387–391.)

The admissions of Ezra Spaulding, Sr., to the effect that the conditions had been performed, upon the forfeiture of which his title and right of action depended, were admissible in evidence as against the plaintiffs, his heirs, by reason of the privity between them. By those admissions he qualified his own right, and his heirs, who succeed him, succeed only to the right, as thus qualified at the time when their title commenced. (1 Greenl. Ev., § 189.)

It is urged, however, by the appellants, that such admissions could not properly be proved by the testimony of the defendant Hallenbeck. But the question whether Hallenbeck was a competent witness in behalf of the defendants, to testify to transactions and conversations had by him personally with the deceased, is not raised by the exceptions. He was sworn and examined without objection. No objection was made to any part of his testimony except that which related to the declarations of the deceased, and that portion was objected to only upon the untenable grounds that it was hearsay and irrelevant. The motion made at the close of his testimony to strike out the whole of it was properly denied, for the reason that it was too broad, since the defendants were clearly entitled to so much of his testimony as did not relate to transactions and conversations with the deceased. The subsequent motion to strike out *all* his testimony *as to transactions with the deceased* was also too broad, as it included the version which Hallenbeck had given of certain transactions with the deceased respecting which the plaintiff, Spaulding,

had previously testified in behalf of himself and his co-plaint-iff, and in reply to whose testimony that of Hallenbeck was given.  It is probably true that the Code of 1860, which was in force when the trial was had, did not provide for such a case as has been done by a subsequent amendment. (1862, ch. 460, § 31, p. 858.)  Nevertheless, the defendants were entitled to retain the testimony, for the reason that both parties, by the course of examination adopted by them, of their own motion, had made the testimony of the plaintiff and the defendant in respect to the particular transactions in question competent evidence in the cause, and it would have been obviously unjust to strike out the testimony of one party on motion of his adversary, while that of the latter was retained.  In this view of the case, it is unnecessary to con-sider the question, discussed in the court below, whether the plaintiffs, as heirs of Ezra Spaulding, deceased, are to be regarded as his "representatives," within the meaning of the Code of 1860. (§ 399.)

The exceptions to the charge have no merit.  The argu-ment submitted to us by the appellants' counsel seems to assume that the jury were told by the court that the defend-ants were entitled to recover, even although they were in default.  The charge is not liable to that construction.  On the contrary, the judge instructed the jury that if Hallenbeck had failed to perform the conditions of the deed, in that case the deed became void, and the plaintiffs were entitled to recover.  The accompanying instruction, that if the jury were satisfied from the evidence that the conditions of the deed had, in *all* respects, been substantially performed by the defendants, the plaintiffs were not entitled to recover, was unexceptionable.  Substantial performance of the conditions, in all respects, is all that the grantors could require.

The charge that if the grantor was in fact satisfied with the manner in which he was treated, and so expressed him-self, it was to that extent a waiver of a strict performance of the conditions, was also correct.  It is not susceptible of the construction which the plaintiffs' counsel attempts to put upon it, to wit, that the grantor's expression of satisfaction was a