Van Vorst, J.
It is quite well settled that the acceptance of a conveyance, containing words importing that the grantee will pay a mortgage, which is a lien upon the premises, and referred to in the deed, imposes upon him an engagement to do so * (Trotter v. Hughes, 12 N. Y. 74). Precise and formal words are unnecessary. The inquiry is, what was the intention of the parties (Belmont v. Coman, 22 N. Y. 438).
In this latter case, the acceptance of a deed, with a habendum clause, subject to four mortgages, which had been estimated as a part of the consideration money, and deducted therefrom, was held to create no liability, on the part of the grantee, for the payment of. the same. In Burr v. Beers, 24 N. Y. 178, the conveyance was subject to two mortgages, “ which mortgages are deemed and taken as part of the consideration, and which the party of the second part hereby assumes to pay,” it was held that the grantee was liable on the undertaking (Thorp v. Keokuk Coal Co., 48 N. Y. 253).
This liability is not, however, imposed upon the grantee, unless the parties have used words which clearly express such intention. In Stebbins v. Hall, 39 *100 Barb. 529, it. is said, wherever a party is thus sought to- be charged with a duly primarily resting upon another, it must arise either from his express assumption, or from an obligation which the law implies, and casts upon him, from the words of his contract or the language of his acts.
) In the case now under consideration, the convey- * anee, a warranty deed, immediately following the habendum clause, contains the following words : “ Subject, nevertheless, to the payment of one-eighth of a certain mortgage, now on the premises.” It is not stated that this payment is assumed, or is to be made, by the grantee. Nor is there anything from which it may be inferred, that it was the intention of the parties that he should assume it.
The natural interpretation of these words would seem to be, that the land was conveyed, and was to be held, subject to the payment thereout of the mortgage in question. That the land and not the grantee was so subject.
It cannot be said that the words in question necessarily imply, that the liability of the mortgagor under the mortgage, was intended to be shifted from him to the grantee.
The grantor doubtless intended to qualify the full covenants, afterwards found in the deed, that the same was conveyed, free and clear of all liens and incum: branees; but as the words used do not, by themselves, nor by any necessary implication, cast the burden of paying the mortgage upon the grantee personally, he cannot be held liable therefor.
The land is, however, understood to be charged therewith, and liable therefor, and if of sufficient value will discharge it; but should it fail on a foreclosure to yield sufficient proceeds to pay the mortgage, the grantee is not personally liable for the deficiency.
It is true that in the case of Stebbins v. Hall, supra, *101 Bacon, J., said the language of the deed, to create a liability on the part of the grantee, should be “ subject to the payment” of the outstanding mortgage, or “that it forms a part of the purchase money which the grantee in the deed assumes to pay.” Yet the decision in that case must be considered in the light of the facts then under review. In that case it had been held below, that the words “ subject to the mortgage ” were sufficient to charge the grantee personally with its payment. But the judgment was reversed by the general term, the court holding that the words created no such liability.
The reasoning of the court is to the effect, that to render the grantee liable the words used “should clearly import that the obligation is intended by the one party, and knowingly assumed by the other.”*
There should be judgment for a foreclosure and sale, but Sarah E. Raynor, the executrix of the last will and testament of William H. Raynor, deceased, is not liable, nor is the estate she represents, for any deficiency.

 It is not necessary that the grantee sign (Atlantic Dock Co. v. Leavitt, 54 N. Y. 35, and cases there cited) ; if he accepts it, and takes possession under it (Spaulding v. Hallenbeck, 35 N. Y. 204; iff’g 39 Barb. 79; 30 Id. 292).

 In Wales v. Sherwood, in the Supreme Court, decided by Judge. Van Vorst, in November, 1876 (G. W. Cotterill, for plaintiff ; A. S. Diossy, for defendant), the statement in the conveyance which created this agreement, was immediately after the habendum clause, and in these words: “ Which said mortgage, with the interest there-^ on from November 80, 1872, the party of the second part hereby assumes and agrees to pay, the same forming a part of the consideration money hereby expressed.” The defendant Sherwood accepted the deed, and entered into possession of, and enjoyed the premises. The court held that as here the language creating the obligation to pay this mortgage was clear and explicit, Sherwood was liable for deficiency. The acceptance of the deed and his entering into possession of the premises, was enough to make complete Ms liability, although he never signed the deed containing the stipulation.