MARGARET ROSE, PLAINTIFF, v. JOHN ADAMS, DEFENDANT.

*Declarations of deceased owner of land—are admissible against those in privity with him—when declaration inadmissible as mere hearsay.*

In this action, brought by the plaintiff, as the widow and the grantee of the heirs at law of one Honness, to recover a lot of land owned by him, the defendant claimed that he had removed from New Jersey, and come to live upon the lot, and had improved and paid the taxes upon it, under a parol promise of the said Honness to convey the lot to him if he would do so. Upon the trial the defendant was allowed, against the plaintiff's objection and exception, to prove declarations made by Honness to the effect that he was going to give the lot to the defendant, and others to the effect that he had done so.

*Held*, that as the plaintiff was in privity with the party making the declarations, they were properly admitted against her.

Subsequently the plaintiff gave evidence of declarations made by the defendant to the effect that he had agreed, by parol, to buy the lot of Honness for $1,100, and that he had paid part, but not all, of the purchase price. Thereafter the defendant was allowed, against the plaintiff's objection and exception, to prove declarations of Honness to the effect that he had borrowed money of the defendant or was owing money to him.

*Held*, that there was no identity of interest between the plaintiff and Honness, the deceased, as to the personal estate, and that the declarations of the latter that he, Honness, was owing money to the defendant were improperly admitted, being immaterial, and mere hearsay.

· MOTION by the plaintiff for a new trial on exceptions taken at the Steuben Circuit, and ordered to be heard at the General Term in the first instance.

*W. Rumsey*, for the plaintiff.

*G. B. Bradley*, for the defendant.

Smith, J.:

The action is ejectment, for a lot of land in Corning, Steuben county. One Conrad Honness is the common source of title. The plaintiff is his widow (she having married again since his death), and she is also the grantee of his heirs at law. The defense is that Honness, who was the brother-in-law of the defendant, promised, by parol, to convey the land in question to the defendant, if he would remove from the State of New Jersey, where he then lived, and reside on the land, Honness wishing to have the defendant for a neighbor; and that the defendant did so remove, lived on the land, improved it, and paid the taxes on it.

At the trial, the defendant, to establish the defense, gave evidence of declarations made by Honness, some to the effect that he was going to give the lot to Adams if he would remove and live on it, and others to the effect that he had done so. The plaintiff objects that the testimony was improperly received. We think the statements of Honness, to the effect above stated, were competent evidence, as against the plaintiff. This is upon the ground that as to the land, the plaintiff was in privity with the party making the declarations. (1 Greenl. Ev., § 189; *Chadwick* v. *Fonner*, 6 Hun, 543; *S. C.*, reversed, but upon another point, 69 N. Y., 404; *Spaulding* v. *Hallenbeck*, 39 Barb., 79; *S. C.*, affirmed, 35 N. Y., 204.)

After the defendant rested, the plaintiff gave evidence of the defendant's declarations that he had made a parol contract to buy the land of Honness, at the price of $1,100, and that he had paid a part, but not all, of the price. In reply to this, the defendant was permitted to show, under the plaintiff's objection and exception, declarations of Honness, that he had borrowed money of the defendant, or was owing him money. The objection taken was, that the testimony was incompetent and immaterial, and that it was hearsay. We are inclined to think the objection good. The fact that Honness had borrowed money of Adams, and was owing him

therefor, had no tendency to disprove the allegation that Adams had purchased the land of Honness at an agreed price, a part of which was still unpaid. There is no evidence, so far as we can discover, that the money alleged to have been borrowed by Honness, was the same money which the plaintiff's evidence tended to show was paid to him on the contract. So far as the proof goes, the alleged borrowing was a transaction outside of the contract and wholly independent of it, and as to such borrowing, there was no privity between Honness and the plaintiff. There being no identity of interest as to the personal estate, the testimony was inadmissible. (1 Greenl. Ev., § 189.) For aught that we can see, such testimony may have led to the verdict, and its reception was error.

Several other exceptions were taken, which we have examined and do not find meritorious, but for the reason above stated, we are of the opinion that there should be a new trial, with costs to abide the event.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.