WORRALL *v.* MUNN.

A deed of land deposited with a Clerk in Chancery by the defendant in a decree for specific performance, for the purpose of staying proceedings pending his appeal, was lost while in the custody of the clerk. The decree being subsequently affirmed; *Held,* that the defendant was bound to execute a new deed.

The complainant's right, by the decree, to have not only a legal bar to the defendant's assertion of title, but written evidence of his own title, under the seal of the latter, is not to be defeated by an accident to the deed while it was in the custody, not of his agent, but of an officer of the court.

APPEAL from the Supreme Court. The plaintiff filed a bill in the late Court of Chancery, for the specific performance of an agreement to convey land. On March 31, 1846, the Vice-Chancellor of the second circuit made a decree requiring the defendant to execute and deliver to the plaintiff a good and sufficient conveyance of all right, title, interest or claim he might have in or to the premises mentioned in the agreement. The defendant appealed, and, in order to stay proceedings, on the 22d April, 1846, executed, acknowledged and filed with the clerk in Chancery of the second circuit, a deed in the form required by the decree, to abide the final judgment in the cause. The vice-chancellor's decree was reversed in the Supreme Court, and, on appeal from its judgment, finally affirmed by this court, in June, 1851. The deed deposited by the defendant appearing to have been lost, the Supreme Court, at special term, ordered the defendant to execute another deed, and this order having been affirmed at general term, the defendant appealed to this court.

*Ambrose L. Jordan,* for the appellant.

*Charles O'Conor,* for the respondent.

JOHNSON, Ch. J. The deed originally executed by the defendant, Munn, and deposited in the office of the clerk in Chancery of the second circuit, cannot be regarded as executed in performance of the decree. Its purpose was to comply with a condition imposed by the chancellor's rule, without which compliance no stay of proceedings could be had by the defendant during the pendency of his appeal. The vice-chancellor's decree directed Munn to execute and

deliver to the complainant a good and sufficient conveyance. The rule, following the statute (2 *R. S.*, 606, § 84), directed that an appeal should not stay execution or process for the enforcement of the decree, unless the appellant should execute the conveyance directed by the decree, and deposit it with the clerk to abide the final order of the court. This voluntary act of the defendant, of itself, conferred no right upon the grantee named in the deed. It might become operative by the order of the appellate court, but, until that order, it was inoperative. Neither the statute nor the rule speak of such a deposit as satisfying the requirement of the decree; nor is there any reason of justice which can require a deed so executed and deposited to be considered as being, in any degree, at the risk of the grantee named in the deed. No execution or enforcement of the original decree has been had by him, and by the final judgment he is found to be entitled to have the defendant's deed executed and delivered to him. To his claim for this performance of the decree, the answer is made, that the defendant, to entitle himself to a stay of proceedings during his appeal, has made a deed and deposited it with the clerk, and that it has been lost. That is clearly no fault of the complainant; he was not the custodian of the deed, nor was his agent its keeper. It was made and deposited with the clerk, for a purpose adverse to the complainant's interest, and in performance of a condition imposed on the defendant by law. Under such circumstances, the complainant ought not to suffer any prejudice from whatever accident may have befallen the deed. He was entitled, by the decree, to have not only a legal bar to the defendant's rights, but written evidence of his title, under the defendant's hand and seal; and no miscarriage of any officer of the court, as to the safe keeping of the deed, ought, in the absence of a statute so providing, to hinder him from having the full benefit which the decree in his favor has awarded to him.

The order appealed from should be affirmed with costs.

All the judges concurring,

Judgment affirmed.