### EDWARDS v. MEADER.

(*Supreme Court, General Term, Third Department.* September 25, 1890.)

MORTGAGES—LIEN—PRIORITIES—RECORDING.

     A tripartite agreement between D., F., and E., under seal, recited that D. was the owner of certain land, and that F. had an interest therein of $650, which he had transferred to E., and provided that E. should receive from D., from the use of the property, the sum of $650, with interest, which sum should be a lien on the

property. The instrument was recorded as a lease, but not as a mortgage. D. afterwards conveyed the property to L. by quitclaim deed, subject to a certain mortgage to C., and also subject "to a claim which F. has against said premises for money laid out upon the house on said premises, to the amount of $572.55," and stating that the rent was to be paid to F. until that amount with interest should be paid; and D., on the same day, made a mortgage of the premises, subject to the C. mortgage, to F. for $572.50, described to be for advances and repairs made upon the buildings on said premises, and also stating that the rent was to be paid over to F. L. afterwards conveyed the property to defendant by warranty deed in consideration of love and of an agreement for support during life. *Held,* that the lien given to E. by the agreement could not be enforced against the land in the hands of defendant, who purchased without actual notice of the agreement, and in good faith; the agreement was, at most, in the nature of a mortgage, and could not operate as a covenant running with the land, there being no privity of estate between D. and F.; the recording of the instrument, not being in accordance with the statute requiring securities in the nature of mortgages to be recorded as mortgages, (3 Rev. St. N. Y., 7th Ed., p. 2216, § 2,) could not operate as constructive notice of the lien, nor was the language of the deed from D. to L. notice to defendant of the agreement with E., as the mortgage by D. to F. of the same date corresponded with the recitals of the deed.

Appeal from special term, Clinton county.

Action by Jerusha B. Edwards, brought against Lenora Baker and Fred. S. Baker, to foreclose a lien on certain real estate. Elizabeth B. Meader, to whom the property had been conveyed, was brought in by order and made a party defendant; and she alone answered the complaint. From a judgment dismissing the complaint on the merits as to said defendant, plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*S. L. Wheeler,* for appellant. *T. F. Conway,* for respondent.

MAYHAM, J. This is an appeal from a judgment entered at special term, dismissing the plaintiff's complaint in an action brought to foreclose an alleged lien upon real estate. On the 5th of December, 1857, a tripartite agreement was entered into between David Baker, F. S. Baker, and C. G. S. Edwards, reciting that David Baker was the owner of the tavern-stand, (the land in question;) that Fred. S. Baker had an interest in said property of $650; that he had transferred such interest to Edwards in part payment for property sold to F. S. Baker by Edwards. The agreement then provided that Edwards should receive from David, from the use of the hotel, the $650 and interest, in payments of at least $150 and interest per annum, which sum should be a lien upon said property, and which David bound himself to pay. This contract was under seal, and recorded in Clinton county clerk's office, December 11, 1867, in Book B of Leases. On the 20th of July, 1868, David Baker conveyed the premises in question to Lenora Baker by quitclaim deed, for the expressed consideration of $500, subject to a mortgage given to Richard Cottrell, and also subject to the claim which Frederick Baker has against said premises to the amount of $572.55, and providing that the premises shall be rented, and the rent paid over to Frederick S. Baker, until that amount is paid. This deed was recorded August 5, 1868. On the 6th day of May, 1884, the premises in question were conveyed by warranty deed by Philander Baker and Lenora Baker to Elizabeth B. Meader, this defendant. The deed contained a provision that "the only consideration of this conveyance is the love of the parties for each other, and the fact that Elizabeth B. Meader does hereby agree to faithfully support and care for the parties of the first part, in sickness and in health, according to their condition in life, during their natural lives and the life of the survivor of them." C. G. S. Edwards died in 1863, and, by his will, which was proved and recorded, devised and bequeathed all his estate, real, personal and mixed, to his wife, Jerusha B. Edwards, under which she claims to make title to the lease or contract sought to be foreclosed as a lien in this action. The trial judge submitted to the jury two questions: (1) Was the lease or agreement in question paid up, or has any payment been made on the same? (2) Did the defendant,

Elizabeth B. Meader, purchase the premises mentioned in the lease in good faith, without notice of the lease or agreement, and for value? To the first question the jury found that some portion of the lease had been paid. To the second, the jury found in the affirmative. The case was thereupon reserved by the judge for further consideration. He finally held that the defendant was a purchaser of the premises in good faith, and for value, and without notice of the lien or agreement in suit, and directed judgment for the defendant dismissing the complaint, and that her title to said premises be declared free and clear from such incumbrance or lien. The court having found upon the evidence that the amount called for by the agreement had not been paid in full, but that the plaintiff had no actual notice of the agreement at the time of her purchase, the legal questions seem to be: (1) Was the recording of the lease constructive notice to the defendant of the existence of this lien? (2) Was the recital in the deed to Lenora Baker of the existence of a claim in favor of Fred. S. Baker notice to her, sufficient to charge the land in her hands, or as a covenant running with the same?

It does not seem to be strenuously insisted that the record of the lease amounts to legal notice under the recording statutes, so as to constitute constructive notice to defendant of the existence of this claim. No case is cited on the part of the plaintiff establishing that proposition, and we do not see how it can be held that the recording of this agreement or lease in a book of leases is in any sense a compliance with the recording act. The Revised Statutes provide (Banks & B. 7th Ed., vol. 3, p. 2216, § 2) that each county clerk shall provide two sets of books, one for deeds, in which all conveyances shall be recorded, and one for mortgages, in which all mortgages and securities in the nature of mortgages shall be recorded. The recording of this lease or contract was not in conformity with the provisions of the statute, and is not therefore notice to subsequent purchasers or incumbrancers. *Gillig* v. *Maass*, 28 N. Y. 212; *Purdy* v. *Huntington*, 42 N. Y. 343, and cases cited. To make the recording of a conveyance or incumbrance constructive notice, the record, to be effectual, must be made according to law. *Insurance Co.* v. *White*, 17 N. Y. 475.

Nor do we see how the contract can be treated as a covenant running with the land. There was no privity of estate in the land as between David Baker and Frederick S. Baker. The original title was in David. Frederick had no title or claim of title. His only possible interest was a lien in the nature of an unrecorded mortgage. The agreement to pay that out of the rents of this real estate was not like a lease by the owner of the fee to a tenant, whose covenant to pay rent would run with the land against whoever succeeded to his possession and estate. No such relation existed between David and Frederick. The most that can be claimed was, David owed Frederick, and gave him this lease in the nature of a security, but in doing this did not part with his title in fee to the land. Frederick failed to record it as a mortgage, as did plaintiff's testator. David conveyed to Lenora, subject to this unrecorded mortgage or lien. Lenora and her husband, Philander, conveyed to the defendant, by deed with covenants of warranty for a valuable consideration, the fee, the defendant being a purchaser in good faith without notice or knowledge of this claim or incumbrance. The agreement sought to be foreclosed was not a covenant running with the land. 2 Washb. Real Prop. 295, 296; *Cole* v. *Hughes*, 54 N. Y. 444. The most that can be claimed for the contract sought to be enforced as a lien, is that it was in the nature of a mortgage, of the existence of which the defendant had no notice or knowledge, and that, as to her, standing in the relation of a *bona fide* purchaser for value, it is inoperative and void. The consideration for the deed was valid, and sufficient to pass the title, and the grantee was bound by the agreement to maintain the grantors. *Spaulding* v. *Hallenbeck*, 35 N. Y. 206, affirming same case, 30 Barb. 292. There was no error in the receipt of evi-

dence, or misdirection of the trial judge, for which this judgment should be reversed. Judgment affirmed, with costs.

LEARNED, P. J., (*concurring.*) May 17, 1834, one Kent conveyed the premises in question to Philander Baker and David Baker. December 5, 1867, David Baker, one Edwards, now deceased, and F. S. Baker entered into a sealed agreement, stating that F. S. Baker had had an interest in the premises known as the "Philander Baker Place" of $650, which he had transferred to Edwards, and agreeing that Edwards should receive that sum with interest from David Baker, which sum should be a lien on the property. The plaintiff holds that claim, and seeks to enforce it in this action. The agreement was not recorded as a mortgage. July 20, 1868, David Baker quitclaimed the premises to Lenora Baker. The deed recites that the premises are subject to a mortgage to one Cottrell, and also "to a claim which Frederick Baker had against the premises for money laid out upon the house on said premises to the amount of $572.55," and states that the rent is to be paid to said Frederick S. Baker until the amount is paid. July 20, 1868, David Baker executed a mortgage to Frederick S. Baker of the premises (subject to the Cottrell mortgage) for $572.50, described to be for advances and repairs on the building, and money to keep same insured. The mortgage states that the rent is to be paid over to said Frederick S. Baker. May 6, 1884, (probably this should be December 6, 1884,) Philander Baker and Lenora Baker conveyed the premises to defendant, Meader, in consideration of love and also of her agreement to support the parties of the first part during their lives and the life of the survivor.

The principal question of law is whether the defendant, Meader, had notice of the agreement of December 6, 1867, by reason of the language used in the deed of July 20, 1868. The plaintiff claims that the language of the deed of July 20, 1868, referred to the Edwards agreement of December 6, 1867. The defendant insists that it referred to the mortgage of even date given by David Baker to Frederick S. Baker. Now it will be seen that the alleged claim belonged, in 1867, to Edwards, and there is no evidence that it had been subsequently transferred to Frederick S. Baker. That claim was for $650. The deed of July 20, 1868, describes a claim which Frederick Baker then had against the premises. Edwards was then dead, and the claim which had belonged to him had, if valid, passed to the present plaintiff. Further, the deed specifies the amount of the claim as $572.50, (or $572.55,) which is the exact amount of the mortgage executed on the same day to Frederick S. Baker. And the same clause about the rent of the premises is found in the deed and in the mortgage. Assuming, then, that the contents of the deed of David Baker to Lenora Baker were presumed to be known to defendant, Meader, grantee of Lenora, it seems to us that she was not thereby chargeable with notice of another claim held by another person, when the existing mortgage to Frederick S. Baker corresponded with the recitals of the deed. It is to be observed that the complaint is only for the foreclosure of the lien alleged to exist by virtue of the agreement with Edwards, dated December 5, 1867. It is not a foreclosure of the mortgage to Frederick S. Baker. The question of actual notice of defendant, Meader, was disposed of by the jury and the trial judge.

The plaintiff further alleges that the conveyance by Lenora and Philander was for their own benefit, and therefore void as against their creditors. No allegations are made in the complaint on which this issue could be tried. Again, it does not appear that there was any personal indebtedness of any one except perhaps David Baker, who did agree to pay the amount to Edwards. Philander, the co-tenant, does not seem to have bound himself, and Lenora only took a quitclaim deed which imposed no personal obligation on her. I concur, therefore, with the opinion of my Brother MAYHAM.